RYAN L. DENNETT, ESQ.
Nevada Bar No. 005617
rdennett@dennettwinspear.com
JENNIFER INSLEY MICHERI, ESQ.
Nevada Bar No. 10089
jinsley-micheri@dennettwinspear.com
**DENNETT WINSPEAR, LLP**
3301 N. Buffalo Drive, Suite 195
Las Vegas, Nevada  89129
Telephone:	(702) 839-1100
Facsimile:	(702) 839-1113
***Attorneys for Defendant, State Farm
Mutual Automobile Insurance Company***

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TERRY GRANT KITCHENS,<br><br>                             Plaintiff,<br><br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, and DOES I-X, and ROE CORPORATIONS I-X, inclusive,<br><br>                             Defendants. | Case No: 2:23-00545-GMN-VCF<br><br>**AMENDED [PROPOSED] DISCOVERY PLAN AND SCHEDULING ORDER SUBMITTED IN COMPLIANCE WITH LOCAL RULES 26-1(e)**<br><br>**[SPECIAL SCHEDULING REVIEW REQUESTED]** |

Pursuant to the Court's Local Rule 26-1(d), Plaintiff Terry Grant Kitchens by and through his counsel of record, KEVIN M. HANRATTY, ESQ., of the Hanratty Law Group, and Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY (hereinafter "State Farm"), by and through their counsel JENNIFER INSLEY MICHERI, ESQ., of the law firm of DENNETT WINSPEAR, LLP, submit their stipulated Discovery Plan and Scheduling Order.

**I.	The 26(f)/LR 26-1 Conference and Discovery Plan**

1.	There are no changes to be made in the timing, form, or requirement for disclosures under Rule 26(a).  On May 31, 2023, counsel for the parties met and conferred as required by Fed. R. Civ. P. 26(f) and LR 26-1(d).  Plaintiffs and Defendant agreed to have their respective FRCP Productions submitted within 14 days of the Conference.

2. Discovery will be conducted on liability, damages, contractual claims and defenses, extra-contractual claims and defenses and other topics permissible under Rule 26(A). The parties agree that discovery need not be conducted in phases focused on any particular issues.

3. There are no concerns, at this juncture, regarding the production of electronically stored discovery.

4. There are no concerns, at this juncture, regarding the claim of privilege or necessity for protective orders.

5. The parties do not anticipate any potential limitations to be imposed on discovery.

6. Estimated time for trial: five (5) full trial days.

7. The parties agreed that there is no need for orders, at this juncture, to be issued under Rule 26(c) or Rule 16(b) and (c), although the parties reserve the right to seek such orders as discovery continues.

8. Alternate Dispute Resolution:  The parties conferred about the possibility of using alternative dispute-resolution processes and at this time have not come to any agreement regarding the same.

9. Alternate Forms of Case Disposition:  The parties do not consent to trial by a magistrate judge under 28 U.S.C. §636 (c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01).

10. Electronic Evidence.  The parties do not intend to present evidence in electronic format to jurors for the purpose of jury deliberations at this time.

**II.   The Scheduling Order**

1. Defendants filed their Petition for Removal on April 11, 2023.  240 days will be needed for discovery.  The parties hereby request an expanded discovery period not only so that following receipt of executed authorizations for the release of Plaintiff's relevant pre and post-accident medical treatment records and bills, Defendant is able to obtain Plaintiff's medical records and bills, as well as complete a review and evaluation of Plaintiff's claims in connection with this matter, and allegation of need for future care, with newly disclosed medical bills and

records in evidence with more to be disclosed by Plaintiff shortly reflecting additional alleged accident-related care he recently obtained and did so more than 1.5 years after the accident at issue.

In addition, once records and bills are obtained from numerous providers, further time is necessary in order for the parties to provide experts with relevant records for expert review and evaluation, including pre-accident records and regarding prior medical conditions, followed by an independent medical examination of Plaintiff, by Defendant's expert[s].

2. Discovery Cut Off Date: The discovery cut-off deadline will be December 7, 2023, which is 240 days after Defendants filed their Notice of Removal.

3. Amending the Pleadings and Adding Parties: The last date for filing motions to amend the pleadings or add parties shall not be later than 90 days prior to the close of discovery. In this action, the last date for filing motions to amend the pleadings or add parties shall be September 8, 2023.

4. Fed. R. Civ. P. 26(a)(2) Disclosures (Experts): The last date for disclosure of expert witnesses shall be 60 days before the discovery cut-off date. In this action, the last date for disclosure of experts shall be October 9, 2023.[1] Disclosures with respect to rebuttal experts shall be made 30 days after the initial disclosures or experts, or by November 8, 2023.

5. Dispositive Motions: The last date for filing dispositive motions shall not be later than 30 days after the discovery cut-off. In this action, the last date for filing dispositive motions will be January 5, 2024.[2]

. . .

. . .

. . .

. . .

. . .

---

[1] 60-days prior to the discovery cut off is Sunday, October 8, 2023. As such, the initial expert deadline will be the following judicial day, Monday, October 9, 2024.

[2] 30-days after the discovery cut off is Saturday, January 6, 2024. As such, the dispositive motion deadline will be the previous judicial day, Friday, January 5, 2023.

6.      Pre-Trial Order: The joint pre-trial order shall be filed no later than 30 days after the date set for filing dispositive motions. In this action, the joint pre-trial order shall be filed on or before Monday, February 5, 2024.[3]  In the event dispositive motions are filed, the date for filing the joint pre-trial order shall be suspended 30 days after decision of the dispositive motion or further order of the Court.

        7.      Fed. R. Civ. P. 26(a)(3) Disclosures: The disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections thereto shall be included in the pre-trial order.

        8.      Any request to extend the dates set forth in this Discovery Plan and Scheduling Order shall be submitted to the Court not later than 21 days before the expiration of the subject deadline sought to be extended.

**INTITIAL DISCLOSURES AND DISCOVERY**

        Initial Disclosures were made by Plaintiff on May 22, 2023, and by Defendant on May 30, 2023. Objections to Initial Disclosures will be filed within ten days after the submission of the Joint Discovery Plan and Scheduling Order, if any. (Fed. R. Civ. P. 26(f)(3)(A)).

        The parties anticipate conducting written discovery and depositions on all issues allowed under the Federal Rules of Civil Procedure. (Fed. R. Civ. P. 26(f)(3)(B)).

        The parties hereto will submit a stipulated protective order and confidentiality agreement to be filed with the Court prior to the disclosure of Defendant's materials regarding Plaintiff's contractual and extra-contractual claims against Defendant. (Fed. R. Civ. P. 26(f)(3)(D)).

        There are currently no issues which parties are aware of regarding discovery of electronically stored information or claims of privilege/protection of trial preparation materials. (Fed. R. Civ. P. 26(f)(3)(C-D)).

. . .

. . .

. . .

---

[3] 30-days after the dispositive motion deadline is Sunday, February 4, 2024. As such, the deadline to submit the pre-trial order will be the following judicial day, Monday, February 5, 2024.

There are currently no changes which should be made in the limitations on discovery imposed by the Federal or Local Rules of practice and no additional orders that this Court should issue at this time.  (Fed. R. Civ. P. 26(f)(3)(E-F)).

| | |
|---|---|
| DATED:  June 1, 2023 | DATED:  June 1, 2023 |
| **HANRATTY LAW GROUP** | **DENNETT WINSPEAR, LLP** |
| By /s/ Kevin M. Hanratty<br>KEVIN M. HANRATTY, ESQ.<br>Nevada Bar No. 7734<br>1815 Village Center Circle, Ste 140<br>Las Vegas, Nevada  89134<br>Telephone:  702-821-1379<br>*Attorneys for Plaintiff,*<br>*Terry Kitchens* | By    /s/ Jennifer Insley Micheri<br>JENNIFER INSLEY MICHERI, ESQ.<br>Nevada Bar No. 10089<br>3301 N. Buffalo Drive, Suite 195<br>Las Vegas, Nevada 89129<br>Telephone:  702-839-1100<br>*Attorneys for Defendant, State Farm*<br>*Mutual Automobile Insurance Company* |

**ORDER**

IT IS SO ORDERED.

DATED: 6-5-2023

_____
U.S. MAGISTRATE JUDGE