RYAN L. DENNETT, ESQ.
Nevada Bar No. 005617
rdennett@dennettwinspear.com
JENNIFER INSLEY MICHERI, ESQ.
Nevada Bar No. 10089
jinsley-micheri@dennettwinspear.com
**DENNETT WINSPEAR, LLP**
3301 N. Buffalo Drive, Suite 195
Las Vegas, Nevada 89129
Telephone:     (702) 839-1100
Facsimile:      (702) 839-1113
***Attorneys for Defendant, State Farm Mutual Automobile Insurance Company***

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TERRY GRANT KITCHENS,<br><br>                                        Plaintiff,<br><br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, and DOES I-X, and ROE CORPORATIONS I-X, inclusive,<br><br>                                        Defendants. | Case No: 2:23-00545-GMN-VCF<br><br>**STIPULATION AND ORDER TO CONTINUE DISCOVERY<br>(FIRST JOINT REQUEST)** |

COME NOW, the parties above named, by and through counsel, and move the Honorable Magistrate Judge for an Order continuing Discovery and submit the instant Stipulation in accordance with LR 6-1 and LR 26-4.  The parties have conferred and agree that an extension of discovery is both necessary and warranted. This request contains basis to extend for good cause.

The parties met and conferred on August 1, 2023 pursuant to FRCP 26(f). The parties have exchanged their respective FRCP Productions.  A proposed stipulated discovery plan and scheduling order was presented to the Court, and the Court issued its Order Approving Discovery Plan on June 5, 2023 [Doc 12].  Thereafter, during July and August 2023, Defendant

1  has attempted to set the deposition of Plaintiff which cannot be accomplished until later September 2023, due to Plaintiff counsel's calendaring conflicts. As such and in order to complete timely initial factual and expert discovery, the parties respectfully request an extension of the current discovery dates. The parties have conferred and agree that an additional extension of time in which to complete all remaining discovery is warranted, good cause exists for the extension, and the parties submit an additional extension of time is warranted, as detailed herein. The parties are currently working to set the Plaintiff's deposition to go forward in later September 2023, and complete initial expert discovery.

An extension of time for discovery is necessary and good cause exists for the extension pursuant to Local Rule 26-4. Pursuant to that Rule, the parties submit the following:

The parties hereby request that the close of discovery in this matter be continued for sixty days (60) days. This Stipulation is supported by good cause, and the request to extend the date for close of discovery was submitted prior to twenty-one days before the close of discovery. .

This Stipulation is supported by good cause. Since the Court issued its Order Approving Discovery Plan [Doc 12], the parties have worked diligently to complete discovery, but were unable to complete all necessary discovery, have exchanged documents and written discovery, and disclosed experts; however, require additional time in order to set depositions of treating doctors and experts due partly to scheduling issues and ability to set depositions of party experts with potential unavailability of expert dates within the current dates for discovery. The parties are now working to complete necessary discovery, but require time in which to do so.

Specifically, Defense is working with Plaintiff's counsel to obtain all necessary, outstanding medical records (pre and post-accident, as well as for continuing injury claims) and in order to set necessary treating provider and expert depositions within the discovery period, and in order to appropriate supplemental expert reporting may be completed and the parties continue to working together to notice several depositions of experts.

. . .

. . .

. . .

2

The failure to complete initial factual (plaintiff's deposition) and expert discovery is the result of excusable neglect. Specifically, the parties have encountered difficulty in setting plaintiff's deposition as is more fully explained above, due to scheduling and availability.

Despite party efforts, additional time is required in order to complete the necessary depositions enumerated herein.

An extension of time in which to complete discovery is necessary, good cause exists for the extension pursuant to Local Rule 26-4 and the failure to complete discovery was the result of excusable neglect and is supported by good cause as described herein. The parties need time in which to conduct necessary depositions of relevant experts in connection with Plaintiff's claims of continuing injury.

An extension of time in which to complete discovery is necessary, good cause exists for the extension pursuant to Local Rule 26-4 and the request for extension for extension of the close of discovery in order to complete necessary depositions and discovery. Specifically, the parties are working to set the deposition of Plaintiff and complete initial expert discovery. Thus, the parties need time in which to explore additional issues presented during litigation, with respect to Plaintiff's claims, obtain necessary records and conduct necessary depositions in connection with Plaintiff's claims of continuing injury.

An extension is also warranted and good cause exists because Defendant has been diligent in its efforts to obtain relevant medical records, billing, and documents (for both pre and post-accident treatment and conditions) but has not yet received all of the records sought, and to enable the parties to gather evidence necessary in which to support any request for dispositive relief in this matter, and so that the parties may adequately prepare their case in anticipation of trial.

. . .

. . .

. . .

. . .

. . .

The parties are requesting an extension of the close of discovery so testimony of relevant experts and party representatives may be obtained and expert reporting completed. Thereafter, further time is necessary in order for the parties to provide an expert with relevant records for expert review and evaluation, with resulting opinion.

This Stipulation and request for extension of the close of discovery is made more than twenty-one (21) days before the expiration of the deadline for discovery in this case, and initial expert disclosure deadline which is currently October 9, 2023 (with Plaintiff's deposition not possible until late September 2023 due to Plaintiff counsel's availability).

**(a)   DISCOVERY THAT HAS BEEN COMPLETED:**

Counsel for the respective parties participated in a discovery planning conference pursuant to Fed.R.Civ.P. 26(f). Lists of witnesses and document productions were thereafter exchanged by and between the parties, as well as several supplemental productions made by the parties hereto.

Following Plaintiff's initial disclosures, Defendant propounded written discovery on Plaintiff which has been responded to, and parties are currently working to set Plaintiff's deposition. During discovery, Defendant requested and Plaintiff provided additional, executed authorizations to obtain additional, relevant pre and post-accident records and Defendant has requested those additional records pursuant to the authorizations and currently awaits receipt of those records. Plaintiff recently propounded written discovery on Defendant. The parties are currently working to set the remaining and necessary depositions.

**(b)   DISCOVERY THAT REMAINS TO BE COMPLETED PURSUANT TO LR 26-3(b):**

The parties are currently in the process of conducting additional written and factual discovery, followed by depositions of parties, experts and treating physicians. Specifically, the parties are currently working to set the deposition of Plaintiff, followed by providers and medical experts as identified herein. Additionally, the parties anticipate potentially conducting additional expert discovery, and additional factual and expert discovery and depositions.

. . .

. . .

Despite the fact that the parties have worked together to complete this necessary discovery and set depositions, the discovery and depositions have not yet been noticed due to lack of availability for testimony within the current discovery timeline.

**(c)   REASONS DISCOVERY WILL NOT BE COMPLETED WITHIN THE TIME LIMITS SET BY THE DISCOVERY PLAN:**

Further time is necessary in order for the parties to complete party and expert discovery and depositions, which timeline was complicated by plaintiff's counsel relative availability for deposition of Plaintiff until later September 2023.

Additional time is needed to depose parties, physicians, and the failure to set depositions within the relevant discovery timeline excusable neglect due to scheduling and availability counsel. Counsel is working together to complete necessary remaining discovery, but require additional time in which to do so.

**(d)   PROPOSED SCHEDULE FOR COMPLETING REMAINING DISCOVERY**:

The parties hereby stipulate and request that discovery dates in this matter be continued for an additional (60) days.

| CURRENT DATE | PROPOSED DATE |
| --- | --- |
| Close of Discovery:  December 7, 2023 | February 5, 2024 |
| Amend Pleadings/add parties:  September 8, 2023 | November 7, 2023 |
| Expert Disclosures: October 9, 2023 | December 7, 2023 |
| Rebuttal Experts: November 8, 2023 | January 5, 2023[1] |

---

[1] Deadline falls on Saturday, January 6, 2024 and is therefore relegated to Friday, January 5, 2024.

5

| Dispositive Motions: January 5, 2024 | March 6, 2024 |
|---|---|
| Pre-Trial Order: February 5, 2024 | April 5, 2024 |

If dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until 30 days after decision on the dispositive motions or further court order.

DATED: 8-11-2023    DATED: 8-11-2023

**HANRATTY LAW GROUP**    **DENNETT WINSPEAR, LLP**

By  /s/ Kevin M. Hanratty    By  /s/ Jennifer Insley Micheri
KEVIN M. HANRATTY, ESQ.    JENNIFER INSLEY MICHERI, ESQ.
Nevada Bar No. 7734    Nevada Bar No. 10089
1815 Village Center Circle, Ste 140    3301 N. Buffalo Drive, Suite 195
Las Vegas, Nevada 89134    Las Vegas, Nevada 89129
Telephone: 702-821-1379    Telephone: 702-839-1100
*Attorneys for Plaintiff,*    *Attorneys for Defendant, State Farm*
*Terry Kitchens*    *Mutual Automobile Insurance Company*

**ORDER**

IT IS SO ORDERED.

DATED: 8-14-2023

_____
U.S. MAGISTRATE JUDGE

6