RYAN L. DENNETT, ESQ.
Nevada Bar No. 005617
rdennett@dennettwinspear.com
JENNIFER INSLEY MICHERI, ESQ.
Nevada Bar No. 10089
jinsley-micheri@dennettwinspear.com
**DENNETT WINSPEAR, LLP**
3301 N. Buffalo Drive, Suite 195
Las Vegas, Nevada  89129
Telephone:     (702) 839-1100
Facsimile:      (702) 839-1113
***Attorneys for Defendant, State Farm Mutual Automobile Insurance Company***

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TERRY GRANT KITCHENS,<br><br>                              Plaintiff,<br><br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, and DOES I-X, and ROE CORPORATIONS I-X, inclusive,<br><br>                              Defendants. | Case No: 2:23-00545-GMN-~~VCF~~ EJY<br><br>**STIPULATION AND ORDER TO CONTINUE DISCOVERY<br>(SECOND JOINT REQUEST)** |

COME NOW, the parties above named, by and through counsel, and move the Honorable Magistrate Judge for an Order continuing Discovery and submit the instant Stipulation in accordance with LR 6-1 and LR 26-4.  The parties have conferred and agree that an extension of discovery for the purposes of completing depositions only, is both necessary and warranted. This request contains basis to extend for good cause, and excusable neglect as the stipulation is offered less than 21-days prior to the current close of discovery, February 5, 2024.

. . .

. . .

.                                                     .                                                     .

1  The parties met and conferred on August 1, 2023 pursuant to FRCP 26(f). The parties have exchanged their respective FRCP Productions.  A proposed stipulated discovery plan and scheduling order was presented to the Court, and the Court issued its Order Approving Discovery Plan on June 5, 2023 [Doc 12].  On August 14, 2023 the Court issued its Order Approving the Parties Stipulation and Order to Continue Discovery (First Joint Request) [Doc 16].  As detailed below, the parties have conducted additional discovery and require an additional brief extension of time in order to complete additional depositions prior to the discovery cut off (currently February 5, 2024).

An extension of time for discovery is necessary and good cause exists for the extension pursuant to Local Rule 26-4.  Pursuant to that Rule, the parties submit the following:

There is good cause, and excusable neglect is present as grounds to grant the requested extension, as Plaintiff's counsel has been out of the office for the past 3-weeks for a family emergency and advised that he requires additional discovery time in order to complete depositions of Defendant's identified experts and Defendant's representative.  In addition, Plaintiff's counsel recently advised that Plaintiff's claims handling expert, Mr. Strzelec, would not be available for deposition until after the current close of discovery on February 5, 2024. Defendant was diligent in its efforts to set this deposition as dates for deposition for Mr. Strzelec were requested in late December 2023, but not realized given Plaintiff counsel's family situation that required his immediate attention outside of the office.

The parties respectfully request that the discovery dates be extended briefly in order for the parties to effectuate the foregoing depositions, with the above good cause and excusable neglect for not providing the Court with the instant request to extend sooner, and prior to 21-days before the close of discovery. The parties are now working to complete necessary discovery and set the above-identified depositions, but require time in which to do so.

The parties hereby request that the close of discovery in this matter be continued for ninety days (90) days.

. . .

. . .

Specifically, Defense is working with Plaintiff's counsel to obtain all necessary, outstanding medical records (pre and post-accident, as well as for continuing injury claims) and in order to set additional necessary treating provider and expert depositions within the discovery period, and in order to appropriate supplemental expert reporting may be completed and the parties continue to working together to notice several depositions of experts.

The failure to complete the remaining depositions during the current discovery period is the result of excusable neglect. Specifically, the parties have encountered difficulty in setting the above-identified deposition as is more fully explained above, due to availability of Plaintiff's counsel, Plaintiff's claims handling expert, scheduling and availability.

Despite party efforts, additional time is required in order to complete the necessary depositions enumerated herein.

An extension is also warranted and good cause exists because parties have been diligent in its efforts, and to enable the parties to gather evidence necessary in which to support any request for dispositive relief in this matter, and so that the parties may adequately prepare their case in anticipation of trial.

The parties are requesting an extension of the close of discovery so testimony of relevant experts and party representatives may be obtained and expert reporting completed. Thereafter, further time is necessary in order for the parties to provide an expert with relevant records for expert review and evaluation, with resulting opinion.

**(a) DISCOVERY THAT HAS BEEN COMPLETED:**

Counsel for the respective parties participated in a discovery planning conference pursuant to Fed.R.Civ.P. 26(f), on August 1, 2023. Lists of witnesses and document productions were thereafter exchanged by and between the parties, as well as several supplemental productions made by the parties hereto as follows:

1. Defendant filed Petition for Removal to Federal Court April 11, 2023 [Doc 1]
2. Parties submitted a Proposed Scheduling Order on June 5, 2023 [Doc 12]
3. Parties submitted an Amended Proposed Scheduling Order on June 5, 2023 [Doc 12]

. . .

4. Plaintiff filed a Motion to Remand the Case to Nevada State Court on April 12, 2023 [Doc 5]

5. Defendant filed an Opposition to the Motion to Remand on April 26, 2023 [Doc 8]

6. Parties submitted a Stipulation regarding Confidentiality Agreement on September 6, 2023 [Doc 18]

7. Parties submitted a Stipulation for Rule 35 Exam on September 7, 2023 [Doc 20]

8. Defendant served an initial production of documents on June 15, 2023, First Supplement, including disclosure of relevant claims file documents on September 15, 2023, and Second Supplemental Disclosure on December 5, 2023.

9. Plaintiff served an initial production of documents on May 18, 2023, as well as ten supplements on July 18, 2023, August 2, 2023, September 22, 2023, October 10, 2023, October 30, 2023, December 8, 2023 and January 4, 2023.

10. Defendant served Requests for Admissions, for Production and Interrogatories on June 8, 2023, and Plaintiff served Responses on January 26, 2023;

11. Plaintiff served Requests for Admissions, for Production and Interrogatories on August 8, 2023, and Defendant served Responses on September 27, 2023, following an extension of time.

12. Parties submitted a First Proposed Stipulation and Order to Extend Discovery on August 14, 2023 [Doc 15]

13. Defendant completed Plaintiff's Deposition on September 20, 2023.

14. Defendant noticed Plaintiff medical expert Dr. West's deposition for January 24, 2024.

The parties are currently working together in order to set the remaining and necessary depositions.

**(b)    DISCOVERY THAT REMAINS TO BE COMPLETED PURSUANT TO LR 26-3(b):**

The parties are currently in the process of conducting additional depositions of parties, experts and treating physicians. Specifically, the parties are currently working to set the deposition of Plaintiff's Claims Handling Expert, Mr. Strzelec, and State Farm's expert(s) and its representative, as identified herein. Additionally, the parties anticipate potentially conducting

4

additional expert discovery, and additional factual and expert discovery as necessary.

Despite the fact that the parties have worked together to complete this necessary discovery and set depositions, the discovery and depositions have not yet been noticed due to lack of availability for testimony within the current discovery timeline.

**(c)     REASONS DISCOVERY WILL NOT BE COMPLETED WITHIN THE TIME LIMITS SET BY THE DISCOVERY PLAN:**

Further time is necessary in order for the parties to complete party and expert discovery and depositions, which timeline was complicated by plaintiff's counsel relative availability for remaining deposition of plaintiff's claims handling expert previously requested; and plaintiff is seeking to set the depositions of State Farm expert(s) and its representative.

Additional time is needed to depose parties, physicians, and the failure to set depositions within the relevant discovery timeline was result of excusable neglect due to scheduling and availability counsel, and good cause exists for additional time to complete discovery as more fully explained above.  Counsel is working together to complete necessary remaining discovery, but require additional time in which to do so.

**(d)     PROPOSED SCHEDULE FOR COMPLETING REMAINING DISCOVERY**:

The parties hereby stipulate and request that discovery dates in this matter be continued for an additional (90) days.

| CURRENT DATE | ~~PROPOSED~~ DATE |
|---|---|
| Close of Discovery:  February 5, 2024 | May 6, 2024[1] |
| Amend Pleadings/add parties: Closed | Remain Closed |
| Expert Disclosures: Closed | Remain Closed |

---

[1] 90 days is Sunday, May 5, 2024 – thus Close of Discovery is Monday, May 6, 2024

5

| Rebuttal Experts: Closed | Remain Closed |
|---|---|
| Dispositive Motions: March 6, 2024 | June 5, 2024 |
| Pre-Trial Order: April 5, 2024 | July 5, 2024[2] |

DATED:  1-22-2024                    DATED:  1-22-2024

**HANRATTY LAW GROUP**                **DENNETT WINSPEAR, LLP**

By  /s/ Kevin M. Hanratty            By  /s/     Jennifer Insley Micheri
KEVIN M. HANRATTY, ESQ.               JENNIFER INSLEY MICHERI, ESQ.
Nevada Bar No. 7734                   Nevada Bar No. 10089
1815 Village Center Circle, Ste 140   3301 N. Buffalo Drive, Suite 195
Las Vegas, Nevada  89134              Las Vegas, Nevada 89129
Telephone:  702-821-1379              Telephone:  702-839-1100
*Attorneys for Plaintiff,*            *Attorneys for Defendant, State Farm*
*Terry Kitchens*                      *Mutual Automobile Insurance Company*

**ORDER**

IT IS SO ORDERED.

DATED: January 22, 2024

_____
U.S. MAGISTRATE JUDGE

---

[2] 90 days is July 4, 2024 – Pre-trial Order shall be due by July 5, 2024 - In the event dispositive motions are filed, the date for filing the joint pre-trial order shall be suspended 30 days after decision of the dispositive motion or further order of the Court.

6